## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **KYLE NICHOLAS GADKE,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **BLUEGRASS LENDING GROUP, INC.**, a Kentucky corporation, <br><br> *Defendant.* | Case No.   3:22CV-678-RGJ <br><br> **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kyle Nicholas Gadke ("Plaintiff" or "Gadke") brings this Class Action Complaint and Demand for Jury Trial against Defendant Bluegrass Lending Group, Inc., ("Defendant" or "Bluegrass Lending") to stop the Defendant from violating the Florida Telephone Solicitation Act ("FTSA") by directing the making of telemarketing calls *without consent* to Florida consumers, including those who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Kyle Nicholas Gadke is a resident of Miami, Florida.

2. Defendant Bluegrass Lending Group, Inc. is a Kentucky corporation with its principal place of business in Louisville, Kentucky. Defendant Bluegrass Lending conducts business throughout this District, Kentucky, and the U.S.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the FTSA. Further, Plaintiff alleges a Florida class, which will result in at least one Class member from outside Kentucky.

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters in this District and conducts business in and from this District.

5. The venue is proper under 28 U.S.C. § 1391(b) because the Defendant resides in this District calls at issue were made from this District.

## COMMON ALLEGATIONS

6. Defendant Bluegrass Lending provides loans and financing services to businesses.

7. Defendant Bluegrass Lending places cold calls for telemarketing purposes, including text messages, to consumers across the U.S.

8. Defendant Bluegrass Lending hires employees to place unsolicited telephonic sales calls to consumers, for instance:

- An advertisement by Defendant Bluegrass Lending for hiring Financial Sales Brokers:[1]

---

[1] https://www.salary.com/job/bluegrass-lending-group-inc/financial-sales-broker/3d79541a-cd68-4fdc-8e2b-1d267057207d

> Ideal Candidate Requirements
>
> Some sales experience is preferred but not required
>
> Strong drive & competitive mentality
>
> Willingness to succeed in sales
>
> An understanding of small businesses and aspects of commercial lending
>
> Record of closing leads, exceeding sales quota goals, and managing sales pipeline
>
> Technologically savvy; comfortable with Salesforce, Microsoft Office, etc.
>
> <u>Strong cold-calling skills,</u> or a desire to learn

- An employee of Defendant Bluegrass has posted about their cold calling experience while working for the Defendant: [2]



9. In response to these calls, Plaintiff Gadke brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

### PLAINTIFF GADKE'S ALLEGATIONS

10. Plaintiff Gadke is the subscriber and the sole user of the cell phone number ending with xxx-xxx-5264.

---

[2] https://www.linkedin.com/in/brett-logsdon-44242a195/

11. On December 8, 2021, at 12:43 PM, Plaintiff Gadke received a telephonic sales text message from the Defendant using the phone number 502-878-7358, soliciting financing options from the Plaintiff.

12. On December 30, 2021, Plaintiff Gadke received another telephonic sales text from the Defendant using the same phone number, 502-878-7358, soliciting financing options from the Plaintiff:



13. Plaintiff Gadke did not give his consent to receive telephonic sales calls or text messages from Defendant Bluegrass Lending.

14. As part of the investigation conducted by the Plaintiff's Attorneys, they sent text messages to the phone number 502-878-7358, and received instant automated response identifying the employee as Carson King³, and the company as Defendant Bluegrass Lending:

---

³ https://www.linkedin.com/in/carson-king-308931137/

4



15. Furthermore, on sending a text message, "help" to the phone number 502-878-7358, an instant automated response is received stating, "Reply STOP to unsubscribe. Msg&Data Rates May Apply."

16. On sending a text message, "STOP" to the phone number 502-878-7358, an instant response is received stating, "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."



17. The instant responses generated on sending text messages containing recognized keywords to the phone number 502-878-7358 clearly show that this phone number is an automated phone number which Defendant Bluegrass Lending uses for making unsolicited telephonic sales calls and text messages to consumers in violation of the FTSA.

18. The unauthorized solicitation telephone calls and text messages that Plaintiff received from and/or on behalf of the Defendant have harmed Plaintiff Gadke in the form of

5

annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

19. Seeking redress for these injuries, Plaintiff Gadke, on behalf of himself and Classes of similarly situated individuals, bring suit under the FTSA, which prohibits unsolicited autodialed text messages to Florida numbers.

## CLASS ALLEGATIONS

20. Plaintiff Gadke brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), and seek certification of the following Classes:

> **Autodial Class:** All persons in Florida, who, on or after July 1, 2021, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call the Plaintiff.

> **DNC Class:** All persons in Florida, (1) whose telephone numbers appear on the then-current "no sales solicitation calls" list, and (2) who received a telephonic sales call regarding Defendant's goods and/or services on or after July 1, 2021.

21. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Gadke anticipates the need to amend the Class definition following appropriate discovery.

22. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the FTSA; and

(b) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

24. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor his counsel have any interest adverse to the Classes.

25. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Gadke. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden

and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Violation of the Florida Telephone Solicitation Act,
### (Fla. Stat. § 501.059)
### (On Behalf of Plaintiff Gadke and the Autodial Class)

26. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

27. Plaintiff brings this claim individually and on behalf of the Autodial Class Members against the Defendants.

28. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

29. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

30. Defendant failed to secure prior express written consent from Plaintiff and members of the Autodial Class.

31. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Autodial Class members without Plaintiff's and the Class members' prior express written consent.

32. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

33. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## SECOND CLAIM FOR RELIEF
### Violation of the Florida Telephone Solicitation Act, (Fla. Stat. § 501.059) (On Behalf of Plaintiff Gadke and the DNC Class)

34. Plaintiff repeats and realleges paragraphs 1 through 25 of this Complaint and incorporates them by reference herein.

35. Plaintiff brings this claim individually and on behalf of the DNC Class Members against the Defendants.

36. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-current quarterly listing published by the department." Fla. Stat. § 501.059(4)

37. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will

9

or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

38. In violation of the FTSA, Defendant made and/or cased to be made unsolicited telephone sales calls to Plaintiff, and other members of the DNC Class despite their telephone numbers appearing on the quarterly listing published by the department.

39. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gadke requests a jury trial.

**KYLE NICHOLAS GADKE**, individually and on behalf of all others similarly situated,

DATED this 27th day of December, 2022.

By: /s/ *Jennifer R. Hall*
Jennifer R. Hall (KY Bar No. 89852)
Hall Legal Group, PLLC
306 W. Dixie Avenue
Elizabethtown, KY 42701
O: (270) 360-0470
halllegalgroup@gmail.com

*Local Counsel*

Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*